JOHN A. CONANT *vs* GEORGE PATTERSON *et al.*

RUTLAND,
February,
1835.

Where a debtor is admitted to the liberties of the jail-yard, if the creditor makes a contract with him, without the knowledge of the surety, which induces or causes him to depart or escape the liberties, he cannot recover no the bond.

After such escape, the creditor and debtor cannot create a new liability against the surety.

This cause came up for decision upon the following case stated :

This is an action on jail bond, taken by the plaintiff, as sheriff, on an execution in favor of Moses M. Strong against George Patterson. On the 29th January, 1834, the said Strong gave the said Patterson a contract, of which the following is a copy :

" I hereby agree, that the jail bond given on an execution in my
" favor, against George Patterson, shall not be sued until the first
" of May next.
    " (Signed)            MOSES M. STRONG.
" Rutland, 29th January, 1834."

The plaintiff relies upon a departure from the limits the 10th of March, which is admitted by the defendants, and it is also admitted that on the 15th day of February, 1834, Patterson departed the limits.

On the 10th day of March, 1834, the said Patterson executed to the said Strong a contract, of which the following is a copy :

" Whereas, Moses M. Strong executed to me his writing, dated
" 29th January, 1834, in which he agreed that a jail bond which had
" previously been given on an execution in favor of said Strong against
" me, should not be sued until the first of May next—Now, for
" value received, I hereby discharge said agreement from said
" Strong to me, and that the same shall no longer be binding and
" obligatory upon said Strong.   Rutland, 10th March, 1834.
    " (Signed)         GEORGE PATTERSON."

The suit was brought before the justice on the 12th of May, 1834. Judgment for plaintiff, and appealed to the county court by defendants.

*Royce & Strong for plaintiff.*—The main question arising in this case is, whether the agreement described in the case amounts to a licence to depart the limits.

The words of the agreement do not import a licence to depart, and no such licence ought to be presumed.

But the fair inference from the agreement is, that there had been a previous breach, and the agreement is nothing more than an agreement not to sue until after the first of May, and it appears that the suit was not commenced until the 12th of May.

RUTLAND,
*February*,
1835.

Conant
*vs.*
Patterson *et al.*

*Mr. Thrall for defendants.*—1st. The defendants contend, that any interference of the creditor to induce the debtor to depart the limits, is a fraud upon the bail; and if there is a departure under an agreement not to sue for a particular time, the bail is discharged.—1 Whee. Sel. 509, 510.

2. After the bond has been once discharged either by a licence to depart or under a contract not to sue for a particular time, it is not in the power of the debtor, by any contract with the creditor, to revive the liability of the bail without their consent.

The case shows that the agreement not to sue was given on the 29th January, 1834, and that Patterson, the debtor, departed the limits under that agreement, on the 15th of February, 1834, and executed a discharge of the agreement to Strong, on the 10th of May, 1834, though the departure relied upon by the plaintiff was subsequent to the discharge of the agreement.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The decision in this case depends on the construction and effect to be given to a writing executed by the creditor in the execution, to the debtor. It appears from the case, that the writing was dated January 29th, 1834, and that Patterson departed from the limits on the 15th February, 1834.

It is an acknowledged principle of law, that if the creditor consent to an escape of the debtor while in prison, and the debtor, in consequence of such consent, goes at large, it is a discharge of the debt. Where a debtor is admitted to the liberties, and has procured bail, and where the consequences of his escaping fixes his sureties with the debt, every contract or dealing between creditor and debtor is narrowly watched. The debtor has a strong desire to be at liberty, and may, under hopes or encouragements held out by the creditor, do an act which he otherwise would not; the consequence of which is, to fix his bail. C. J. Swift says, " If a creditor should entice his debtor to go out of the limits, with a view to subject the sheriff, it would be no escape in the sheriff, and no action could be maintained on the bond." The language of our courts, in some of the earliest reported cases is, that if the creditor held out any inducement to the debtor to escape, it should discharge the jail bond. It cannot with propriety be said, that this language is too strong, or that it is not warranted by principles adopted in analogous cases. It is not however necessary, in this case, to go so far. If a contract is made by a creditor with his debtor, holding out to him expectations of benefit, which would induce or cause him to depart

the liberties, without which he would have remained within the limits, and this without the knowledge or consent of the surety, it is such a transaction between creditor and debtor as ought to discharge his bail.

RUTLAND,
*February,*
1835.

Conant
*vs.*
Patterson *et al.*

It is contended in this case, that from the language in this agreement, it is to be understood that the debtor, Patterson, had already escaped. It is not however to be so construed; and further, if it was, it would afford the surety another and equally valid defence, derived from this principle, that any agreement, between debtor and creditor, by which the creditor agrees to forbear prosecuting for a definite time, and by which, in the language of law, he ties up his hands, will discharge the surety.

Indeed, I do not see but that this principle of law is effectual to discharge the surety in this bond, whether made before or after the escape of Patterson, the principal. The agreement was, not to sue until the first of May. The creditor, by thus giving time to his debtor, and binding himself not to sue him for that period, thereby discharged all claim on the surety. The writing executed by Patterson to Strong,.10th March, after the escape, cannot alter the effect of the agreement entered into before. If the bail was discharged by the previous contract, or if the debtor had been induced to escape in consequence of that agreement, whereby his bail was discharged, he could not create a new liability on his surety, by a contract between him and his creditor. It required the consent of all the parties interested or affected by the writing executed in January to discharge its effect; and these parties were not only the debtors and creditors, but also the surety of the debtor: the latter has not consented to be again made liable.

In every view, this case is with the defendants.